This military pay case is before the court without oral argument on the defendant’s motion for summary judg *688 ment. The plaintiff seeks readjustment pay under 10 U.S.C. §687 (1970), which is available to members of the armed services who are involuntarily released from active duty with at least five years of continuous active duty prior to discharge. The plaintiff served more than five years, but there was an interruption of more than 30 days in his service; under 10 U.S.C. §687(a)(l) (1970) duty is not continuous if it is interrupted by a break in service of more than 30 days. This break occurred when, on October 13, 1968, plaintiff was released from the Army upon the expiration of his then active duty commitment. On November 12, 1968 he again applied for active duty. He was ordered onto active duty January 13, 1969, and served continuously until September 5, 1973.
Plaintiff contends that he was obliged to leave the Army in October 1968 because of family problems arising from his grandmother’s death, that he was told by Army personnel that he could resign and then return to active duty but was not informed that his resignation would affect his ultimate entitlement to separation benefits, and that at the time the Army personnel investigated no other form of aid or redress for him. He later applied to the Army Board for the Correction of Military Records and argued that he was entitled in October 1968 to compassionate reassignment, advance and excess leave, or emergency leave.[1] He sought a corresponding correction to his records for the period from October 13, 1968 until January 13, 1969. His application for relief by the Correction Board was denied and this suit was then begun.
It is plain that there was no violation in October 1968 of any applicable statute or regulation; the granting of compassionate reassignment or other leave was entirely discretionary and no abuse of discretion has been shown. There was therefore nothing unlawful about the plaintiffs discharge on October 13, 1968, and the plaintiff is not entitled to any relief as a matter of law. Cf. Abruzzo v. United States, 206 Ct. Cl. 731, 513 F. 2d 608 (1975) (failure to process correctly request for interservice transfer did not invalidate otherwise proper release from service). More *689 over, if we assume arguendo (for the purposes of the case) that this court can redress a failure of the Correction Board to correct an "injustice” (not involving unlawful conduct or illegality), we cannot say, on what we have before us, that the Board erred or acted arbitrarily in refusing to say that an "injustice” required a correction of plaintiffs records. All that plaintiff asserts is that Army personnel failed to discover on their own the best method for his handling his personal problems without his losing his potential chance for readjustment pay. We cannot say that that necessarily amounts to an "injustice.”
IT IS THEREFORE ORDERED AND CONCLUDED that the defendant’s motion for summary judgment is granted 'and that the plaintiffs petition is dismissed.
Plaintiffs motion for rehearing denied September 29, 1978.

 Defendant denies that plaintiff applied in the Fall of 1968, for an extension or other modification of his active duty commitment or for compassionate reassignment; also, his emergency leave had apparently run out and defendant says he sought no other form of leave. Plaintiff has failed, on this motion for summary judgment, to show the contrary or even to raise any triable issue on these points (plaintiff has not responded to defendant’s summary judgment motion).