In this military pay case, plaintiff seeks readjustment pay under 10 U.S.C. §687(a) (1976). The case is before us on plaintiffs motion for summary judgment and defendant’s cross-motion for summary judgment. After hearing oral argument and considering the parties’ submissions, we conclude that defendant must prevail.
The essential facts of this case are as follows. Plaintiff became a member of the United States Naval Reserve on April 9, 1968. Following a brief training period, he was assigned to a tour of duty in Vietnam and subsequently to a tour of duty in the Mediterranean. Over the years, the Navy denied plaintiffs several requests for augmentation into the Regular Navy. Plaintiff was scheduled for release from the Naval Reserve in May 1974, and on March 15, 1974, plaintiff received his separation orders. Because his wife was pregnant, he requested an additional extension for maternity benefits pursuant to Bureau of Naval Personnel Manual Regulation 1030150.3 (bupersman). The Navy granted an extension of active duty until January 31, 1975.
*983 In December 1974, plaintiff made an additional request for an indefinite extension of active duty but, as with his other requests, this also was denied. Following his release on January 31,1975, plaintiff applied for readjustment pay. This request was denied by the Comptroller General. After plaintiff made a request for reconsideration, the Comptroller General affirmed the previous decision. Plaintiff then petitioned this court for relief on January 23,1981.
The sole issue in this case is whether plaintiff meets the statutory requirements for readjustment pay as set forth in 10 U.S.C. §687(a) (1976). Section 687(a) provides:
* * * [A] member of a reserve component * * * who is released from active duty involuntarily, or because he was not accepted for an additional tour of activé duty * * * and who has completed, immediately before his release, at least five years of continuous active duty, is entitled to a readjustment payment * * *.
Thus, three conditions must be met before readjustment pay will be granted. The applicant must be a member of a reserve component;[1] the applicant must be released involuntarily from active duty; and the applicant must have completed 5 years of continuous active duty. Failure to meet any of these conditions is grounds for the denial of readjustment pay.
Plaintiff claims that he met all the statutory requirements of 10 U.S.C. §687(a) (1976) and therefore is entitled to readjustment pay. First, when plaintiff was released from active duty on January 31, 1975, he had completed 5 years, 5 months, and 11 days of continuous active duty. Second, over his term of service, plaintiff made numerous requests to remain on active duty; therefore, the denial of an unconditional request to remain on active duty constituted an involuntary release within the meaning of 10 U.S.C. §687(a) (1976).
Defendant contends that plaintiff is barred by the doctrines of waiver and estoppel and that assuming, arguendo, these doctrines were not applicable, plaintiff does not meet the requirements of 10 U.S.C. §687(a) (1976). The Navy granted and plaintiff accepted the extension of duty *984 for maternity benefits pursuant to bupersman 1030150.3. This regulation provides that
[rjelease from active duty at the completion of a maternity extension will be considered voluntary and will not gain entitlement to benefits for which the member was ineligible prior to such extension, e.g., entitlement to readjustment pay due to extension beyond five years of active duty for reason of maternity benefits. Members previously eligible for such entitlement shall not forfeit that qualification by acceptance of a maternity extension. * * * [Emphasis supplied.]
We think that under bupersman 1030150.3 defendant’s waiver and estoppel arguments are inapposite. Under this regulation, the acceptance of an extension for maternity benefits does not result in either a gain of or forfeiture of benefits other than maternity benefits. Nevertheless, plaintiffs very commendable desire for a career in the Navy, voluntarily expressed on no matter how many occasions, will not convert an involuntarily set tour of less than 5 years into an involuntarily set tour of more than 5 years. In light of the clear provisions of section 687(a) and bupersman 1030150.3, we conclude that plaintiff has not met the requirements of 10 U.S.C. §687(a) (1976). As plaintiff himself admits, he had served only 4 years, 9 months, and 10 days of continuous active duty by May 31, 1974. We previously have recognized that failure to serve 5 years of continuous active duty is sufficient grounds for denying readjustment pay. Wilhite v. United States, 208 Ct. Cl. 1022 (1976) (order); Clough v. United States, 205 Ct. Cl. 829 (1974) (order); accord, Robinson v. United States, 217 Ct. Cl. 687 (1978) (order). Moreover, under bupersman 1030150.3, relied upon by plaintiff in his request for an extension, and binding upon him, a later release after the extension for maternity benefits is considered a voluntary release. Plaintiff has failed to meet both of the conditions for readjustment pay contested in this case.
it is therefore ordered, that defendant’s cross-motion for summary judgment is granted; plaintiffs motion for summary judgment is denied; and the petition is dismissed.

 The question whether plaintiff was a member of a reserve component is not an issue in this case.